980 F.2d 730
 142 L.R.R.M. (BNA) 2312
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
PRESSWORK, INC., Respondent.
 No. 92-6329.
 United States Court of Appeals, Sixth Circuit.
 Dec. 7, 1992.
 
 Before ALAN E. NORRIS and SILER, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 
 1
 This cause was submitted upon the application of the National Labor Relations Board for summary entry of a judgment against Respondent, Presswork, Inc., Detroit, Michigan, its officers, agents, successors, and assigns, enforcing its order dated July 10, 1992, in Case No. 7-CA-32939, and the Court having considered the same, it is hereby
 
 
 2
 ORDERED AND ADJUDGED by the Court that the Respondent, Presswork, Inc., Detroit, Michigan, its officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from
 
 3
 (a) Failing and refusing to bargain collectively and in good faith with Local 174, International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW), AFL-CIO, which is the recognized exclusive bargaining representative of the Respondent's employees in an appropriate unit, by unilaterally failing and refusing to make contractually required pension fund contributions and medical insurance premium payments on behalf of unit employees, and failing and refusing to make the appropriate contractually required severance payments to unit employees. The appropriate bargaining unit consists of:
 
 
 4
 All hourly-rated employees but not including office employees, foremen, supervisors, plant protection, quality control supervisors, engineers or professional employees.
 
 
 5
 (b) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.
 
 
 6
 2. Take the following affirmative action necessary to effectuate the policies of the Act.
 
 
 7
 (a) Remit all contractually required pension fund contributions and medical insurance premium payments that have not been made since on or about August 20, 1991, and make all the appropriate contractually required severance payments to unit employees that have not been made since on or about October 1991, with interest, as set forth in the remedy section of the Board's decision.
 
 
 8
 (b) Make whole unit employees for any expenses they may have incurred as a result of the Respondent's failure to make the contractually required payments, with interest as described in the remedy section of the Board's decision.
 
 
 9
 (c) Preserve and, on request, make available to the Board or its agents for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amounts due under the terms of the Board's Order.
 
 
 10
 (d) Post at its facility in Detroit, Michigan, copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 7, after being signed by the Respondent's authorized representative, shall be posted by the Respondent immediately upon receipt and maintained for 60 consecutive days in conspicuous places including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the Respondent to ensure that the notices are not altered, defaced, or covered by any other material.
 
 
 11
 (e) Notify the Regional Director in writing within 20 days from the date of this Judgment what steps the Respondent has taken to comply.
 
 APPENDIX
 NOTICE TO EMPLOYEES
 
 12
 POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES
 
 COURT OF APPEALS ENFORCING AN ORDER OF THE
 NATIONAL LABOR RELATIONS BOARD
 An Agency of the United States Government
 
 13
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 14
 WE WILL NOT fail and refuse to bargain collectively and in good faith with Local 174, International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW), AFL--CIO, which is the recognized exclusive bargaining representative of our employees in an appropriate unit, by failing and refusing to make contractually required pension fund contributions and medical insurance premium payments on behalf of unit employees, and failing and refusing to make the appropriate contractually required severance payments to unit employees. The appropriate unit consists of:
 
 
 15
 All hourly-rated employees but not including office employees, foremen, supervisors, plant protection, quality control supervisors, engineers or professional employees.
 
 
 16
 WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.
 
 
 17
 WE WILL make all contractually required pension fund contributions and medical insurance premium payments on behalf of unit employees that have not been made since August 20, 1991, and all the appropriate contractually required severance payments to unit employees that have not been made since on or about October 1991, with interest.
 
 
 18
 WE WILL make whole unit employees for any expenses they may have incurred as a result of our failure and refusal to comply with our contractual obligations, with interest.
 
 
 19
 Dated __________ By __________ (Representative) ________ (Title)
 
 
 20
 This is an official notice and must not be defaced by anyone.
 
 
 21
 This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered by any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's Office, 477 Michigan Avenue, Room 300, Detroit, Michigan 48226-2569, Telephone 313-226-3219.